IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROCIO HERRERA-NEVAREZ,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:12-cv-01294

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment)

Pending before the court is the defendants' Motion for Partial Summary Judgment [ECF No. 102].[1] As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves an Illinois plaintiff who was implanted with Tension-free Vaginal Tape Obturator ("TVT-O"), a mesh product manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat

---

[1] In what is apparently a clerical error, Ethicon's Motion [ECF No. 102] is titled "Motion for Summary Judgment on All Claims" and the introduction to the motion refers to "all of Plaintiff's claims." In this Motion, however, Ethicon only makes arguments regarding some of the plaintiff's claims. Additionally, Ethicon's supporting memorandum [ECF No. 103] is titled "Memorandum in Support of Defendants' Motion for Partial Summary Judgment." That memorandum makes clear that Ethicon is seeking partial summary judgment as to only Counts II, III, IV, VI, VII, VIII, IX, XI, XII, and XIII. *See* Mem. Supp. Mot. Part. Summ. J. at 1. Accordingly, I treat Ethicon's motion as a motion for *partial* summary judgment.

pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson (collectively, "Ethicon"). These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 1 case."

## II.     Legal Standards

### A.     Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth

2

of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B.    Choice of Law

The parties appear to agree that Illinois choice-of-law principles apply to this case and that these principles compel the application of Illinois law to the plaintiff's

substantive claims. Ethicon asserts, and the plaintiff disputes, that New Jersey law applies to the issue of punitive damages.

Here, the plaintiff filed her initial complaint in the Northern District of Illinois and it was transferred to the Southern District of West Virginia by order of the United States Judicial Panel on Multidistrict Litigation. Illinois is the plaintiff's state of residence, where the plaintiff received her TVT-O implant surgery, and where her claimed injuries occurred. For the reasons discussed in *Huskey v. Ethicon, Inc.*, I agree that Illinois law applies to the plaintiff's substantive claims. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 740–41 (S.D.W. Va. 2014) (Illinois uses the "most-significant-relationship" test and permits dépeçage—a separate choice-of-law analysis for each individual issue). In *Huskey*, I also found that New Jersey law—rather than Illinois law—applied to the *Huskey* plaintiffs' punitive damages claim. *Id.* Here, I need not decide what law applies to punitive damages at this time because Ethicon does not challenge that claim.

### III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

#### A. Conceded Claims

The plaintiff concedes the following claims: Count II (Strict Liability – Manufacturing Defect), Count VIII (Constructive Fraud), and Count XIII (Violation

of Consumer Protection Laws). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B.   Strict Liability – Defective Product

Illinois recognizes three types strict products liability: (1) manufacturing defect, (2) design defect, and (3) failure to warn. *See Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 335, 339 (Ill. 2008), *dissenting opinion on denial of reh'g* (Dec. 18, 2008); *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 108 (Ill. App. Ct. 2010).

Ethicon moves for summary judgment on the plaintiff's "Count IV (Strict Liability – Defective Product)" claim. Ethicon appears to interpret the plaintiff's claim to allege something beyond one of the three categories named above. The plaintiff takes Ethicon's argument as a challenge to her design defect claim. Indeed, at one point the plaintiff incorrectly refers to the claim as "Count IV (Strict Liability – Defective *Design*)." Pl.'s Mem. Supp. Opp. to Defs.' Mot. Summ. J. [ECF No. 111] at 21 (emphasis added). Ethicon, however, does not challenge the plaintiff's design defect claim, Count V (Strict Liability – Design Defect). *See* Defs.' Mem. Supp. Mot. Part. Summ. J. [ECF 103] at 1. I make no ruling as to Count V.

To the extent that the plaintiff attempts to allege a strict liability claim *beyond* (1) manufacturing defect, (2) design defect, or (3) failure to warn, Ethicon's Motion as to Count IV (Strict Liability – Defective Product) is **GRANTED**.

### C. Breach of Implied Warranty of Fitness for a Particular Purpose

Illinois law recognizes both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. Ethicon's motion for summary judgment on the plaintiff's breach of implied warranty of merchantability claim is addressed below in Section D. Ethicon's motion for summary judgment on the plaintiff's breach of implied warranty of fitness for a particular purpose is addressed here.

Under Illinois law, "[n]o warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product." *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013) (citing *Wilson v. Massey–Ferguson, Inc.*, 315 N.E.2d 580, 582 (Ill. 1974)). Here, the plaintiff's implanting physician prescribed TVT-O for its intended use, treating SUI. Accordingly, Ethicon's Motion as to Count XII (Breach of Implied Warranty of Fitness for a Particular Purpose) is **GRANTED**.

### D. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Partial Summary Judgment [ECF No. 102] is **GRANTED in part** and **DENIED in**

part. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (Strict Liability – Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VIII (Constructive Fraud), Count XII (Breach of Implied Warranty of Fitness for a Particular Purpose), and Count XIII (Violation of Consumer Protection Laws). Ethicon's Motion is **DENIED** in all other respects.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    January 26, 2017

        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE